P.1/4p

United States District Court
for the
Eastern District of New York



23-CV-5241-EK-RML

Joshua Adam Schulte,   Case No. _____
            Plaintiff,

—v—

MAAT, Warden MDC

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

— FIRST AND FIFTH AMENDMENT INJUNCTIVE RELIEF

P.2/4

I. Parties to Complaint

A. Plaintiff
Joshua Adam Schulte #79471054
Metropolitan Detention Center (MDC)
P.O. Box 329002
Brooklyn, NY 11232

B. Defendants
Warden MAAT
Metropolitan Detention Center (MDC)

II. Basis for Jurisdiction
Prisoner civil rights complaint for injunctive relief against MDC

III. Prisoner Status - Pretrial detainee

IV. Statement of Claim      Plaintiff
On March 15, 2023 ~~defendant~~ received React book in the mail. Later that day W. Carr informed Plaintiff that the book was not approved, and seized it. No book has ever been ~~really~~ seized from Plaintiff while held pretrial; MDC gave no reason for seizure nor complied with BOP federal regulations. 28 CFR § 540.71 outlines the proper procedure for seizing property from the mail. "A Warden may reject a publication if it


P. 3/4

is determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity..." 28 CFR § 540.71 (b). "Where a publication is found unacceptable, the warden shall promptly advise the inmate in writing of the decision and the reasons for it. The notice must contain reference to the specific article(s) or material(s) considered objectionable. The warden shall permit the inmate an opportunity to review this material for purposes of filing an appeal under the Administrative Remedy Program..." Id. at (d).

The MDC did not serve any notice on plaintiff. Similar books were permitted other inmates in general population — it is merely a web-based programming book that cannot possibly contain any objectionable content. Plaintiff has both a First Amendment and Fifth Amendment Due Process right to the book. The MDC also violated Procedural Due Process by failing to give plaintiff an opportunity for a hearing on the matter.

V. Injuries — seizure of First amendment protected content; also Fifth-Amendment property interest

VI. Relief
Return of the React book; compensation for any and all filing fees and legal fees associated with this litigation

## VII. Exhaustion of Administrative Remedies

Plaintiff first filed BP-8 on March 15, 2023, the day of the incident. There was no response. Plaintiff then proceeded to the next step and filed a BP-9 on April 17, 2023. There was no response. Plaintiff then proceeded to the next step and filed a BP-10 on May 22, 2023. There was no response. Plaintiff was unable to file the final BP-11 central office administrative remedy as unit team refused to provide BP-11 form, rendering it unavailable.

Accordingly, all available administrative remedies were exhausted.

## VIII. No previous lawsuits ever dismissed based on "three strikes" rule

## IX. Certification and closing

Under Fed. R. Civ. P. 11, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose; (2) is supported by existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to do so may result in the dismissal of my case.

Dated: Brooklyn, NY
6/23/23

Joshua Adam Schulte

Josh Schulte
MDC (Metropolitan Detention Center)
P.O. Box 329002
Brooklyn, NY 11232

NEW YORK NY 100
5 JUL 2023  PM 9  L



ATTN: New Prisoner Civil Rights Suit
Pro Se Intake Office
U.S. District Court EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
23-7947I-054 0630-MOI

11201-183299